Defendant, Arnold E. Miller, appeals from a judgment of the Franklin County Municipal Court finding him guilty of speeding in violation of R.C. 4511.21. Defendant raises two assignments of error:
 [I.] The trial court abused its discretion in finding that Mr. Millerviolated Rev. Code 4511.21(A) because the state failed to prove each element of the offense beyond a reasonable doubt.
 [II.] The trial court's decision should be reversed because the state refused to produce the K-55 Doppler radar device for inspection upon Mr. Miller's request in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Ohio Criminal Rule 16(B).
On June 19, 1998, Deputy Lee Heimann was working routine traffic enforcement on Frank Road. Approximately one mile away, defendant exited Harrisburg Pike in his van and stopped at a traffic light at the intersection of Frank and Brown Roads.
According to defendant, shortly beyond the traffic light, Frank Road inclines and curves gently to the left. After negotiating the curve, defendant states that he proceeded down the other side of the hill followed by two large trucks. Defendant claims that at approximately one thousand feet below the crest of the hill, he observed Deputy Heimann in his patrol car, looked down at his speedometer, and noted that he was going forty-two m.p.h.
According to Deputy Heimann, he first observed defendant approximately six hundred feet from his position travelling at a speed, which in his opinion, appeared to be in excess of the posted limit of forty-five m.p.h. Deputy Heimann then tracked defendant's vehicle with a K-55 Doppler radar unit and obtained a reading showing that defendant was travelling at a speed of sixty m.p.h. Deputy Heimann subsequently stopped defendant and issued a citation charging him with speeding.
On July 15, 1998, defendant's case was tried in the Franklin County Municipal Court. After hearing evidence presented by both parties, the trial court found that the state had proved defendant guilty of speeding in violation of R.C. 4511.21. Accordingly, the court imposed a fine of thirty-five dollars, plus court costs.
In his first assignment of error, defendant challenges the judgment of the trial court, arguing that it stands against the manifest weight of the evidence. In State v. Thompkins (1997),78 Ohio St.3d 380, 387, the Ohio Supreme Court explained:
 Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. * * * Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence
sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." * * *
 When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "`thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony. [Emphasis sic.]
The court continued, quoting State v. Martin (1983),20 Ohio App.3d 172, 175:
 * * * "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."
We begin by noting that the trier of fact, in this case the trial court, was in the best position to observe the witnesses' testimony, view their demeanor, voice inflection, mannerisms, etc., in order to determine the credibility of each witness. With that in mind, we note that the first witness called at trial was Deputy Lee Heimann.
Deputy Heimann testified that he had been trained and certified in the proper use of K-55 Doppler radar units and had during the course of his career issued over one thousand traffic citations. Barring mechanical problems, Heimann was assigned to the same patrol car for each shift that he worked for the Sheriff's Department. At the beginning of every shift, Heimann tested the lights on his patrol car and the operation of the K-55 Doppler radar unit installed in his patrol car. At the beginning of his shift on June 19, 1998, Heimann followed his normal procedure and tested the K-55 unit installed in his patrol car with two tuning forks supplied for that purpose. The results of both tests indicated that the equipment in his patrol car was functioning properly.
At trial, Heimann testified that he was familiar with the amount and type of traffic on Frank Road and spent at least one hour of every shift patrolling in that area. On the day in question, Heimann observed defendant's vehicle as it crested the top of a hill approximately one quarter to one-half mile away from his position. Heimann testified that defendant was alone in the curb lane, and visually appeared to be travelling at a speed in excess of the posted limit of forty-five m.p.h. As a result, Heimann used his radar unit to obtain a reading of defendant's speed. The visual reading returned from the unit was sixty m.p.h. In addition, the audible tone returned by the radar unit corroborated the visual reading. Finally, Heimann testified that the readings of the radar unit were consistent with his visual observation.
Representing himself, defendant examined Deputy Heimann and attempted to demonstrate that the method used to verify the accuracy of his radar unit was flawed. Defendant also attempted to demonstrate that there were large trucks in the vicinity which could have returned a false reading on Heimann's K-55 radar unit. Although defendant challenged the accuracy and reliability of the K-55 radar unit, defendant provided no expert testimony on the function or design of the radar, and neither he nor Deputy Heimann qualified as experts on the subject.
The only other witness who provided testimony in this matter was the defendant. In narrative style, defendant testified that he was certain that he was travelling at a speed no greater than forty-two m.p.h. and that the visual and audio readings on Deputy Heimann's radar unit were incorrect.
Upon reviewing the evidence, we again note that although defendant argues that the K-55 Doppler radar unit is unreliable when other vehicles are in the vicinity, and that the tuning fork method used to verify the accuracy of the unit is flawed, defendant offered no expert testimony on these issues. What remains is the evidence introduced at trial which showed that Deputy Heimann was certified in the operation of the K-55 Doppler radar unit. The evidence also showed that Heimann was familiar with the pattern of traffic on Frank Road and had significant experience in traffic enforcement. After weighing the evidence and testimony set forth in the record, we are unable to conclude that the trial court clearly lost its way or created such a manifest miscarriage of justice that defendant's conviction must be reversed and a new trial ordered. Accordingly, defendant's first assignment of error is overruled.
In his second assignment of error, defendant argues that the judgment of the trial court should be reversed because the Franklin County Sheriff's Office failed to allow defendant to inspect the K-55 Doppler radar unit used by Deputy Heimann in violation of Crim.R. 16(B).
The Ohio Supreme Court has consistently held that errors which arise before trial and which are not brought to the attention of the trial court by objection or otherwise are waived and may not be raised for the first time on appeal. In this case, the record indicates that defendant failed to notify either the prosecuting attorney or the court of his discovery request. Accordingly, State v. Leonard (Oct. 20, 1994), Lawrence App. No. 93-CA-42, unreported, which defendant cites for the proposition that a prosecuting attorney may not fail to exercise due diligence, is inapplicable, as the basis for the court's ruling inLeonard was the result of the prosecutor's failure to exercise due diligence in spite of the fact that he was fully aware of the defendant's valid request for discovery. Moreover, at no time did defendant move the court for a continuance or move the court to compel the production of the radar unit. Any one of these available means would have enabled the prosecuting attorney or the trial court to remedy the situation in a timely manner. As such, we find that defendant failed to preserve this issue for appellate review. Based upon the foregoing, we overrule defendant's second assignment of error.
Having overruled defendant's assignments of error, the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
LAZARUS, P.J., concurs.
TYACK, J., concurs separately.